IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JOSHUA ISAIAH MONEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 323-037 |
| | ) | |
| WARDEN CALDWELL; SPECIAL | ) | |
| AGENT VILLEGAS; DR | ) | |
| SOMMERHAUSER; WARDEN | ) | |
| CHAMBERS; NURSE OLVER; | ) | |
| NURSE WRAY; OFFICER BROWN; | ) | |
| OFFICER KELMENS; OFFICER JONES; | ) | |
| OFFICER RODGERS; CERT OFFICER | ) | |
| SCOTT; NURSE SHIRLEY; NURSE | ) | |
| OVERSTREET; OFFICER WITHERSPOON;) | | |
| OFFICER JANE DOE #1; SGT. OFFICER | ) | |
| KNIGHT; COUNSELOR WATTS; MENTAL) | | |
| HEALTH DIRECTOR WEST; NURSE | ) | |
| DARCY; CERT GREENE (African | ) | |
| American); CERT GREENE (Caucasian); | ) | |
| CERT OFFICER JOHN DOE #1; CERT | ) | |
| OFFICER JOHN DOE #2; WARDEN | ) | |
| MESSER; WARDEN FRANKLIN; | ) | |
| OFFICER ROWLAND; SGT. OFFICER | ) | |
| FRANKLIN; OFFICER RHODES; | ) | |
| OFFICER LINDA; GIBBONS; and | ) | |
| WATSON,[1] | ) | |
| | ) | |
| Defendants. | ) | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff, currently incarcerated at Baldwin State Prison in Hardwick, Georgia, filed this

case pursuant to 42 U.S.C. § 1983, concerning events alleged to have taken place at Johnson

---

[1] The Court **DIRECTS** the **CLERK** to update the Defendants in accordance with the caption on this Order, which is consistent with Plaintiff's amended complaint.  (See doc. no. 24.)

State Prison ("JSP") in Wrightsville, Georgia.  He is proceeding *pro se* and *in forma pauperis*

("IFP").  Because he is proceeding IFP, Plaintiff's amended complaint must be screened to

protect potential defendants.  Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per*

*curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

## I.    SCREENING THE AMENDED COMPLAINT

### A.    PROCEDURAL BACKGROUND

The Middle District of Georgia transferred this case.  (Doc. nos. 14-16.)  On May 9,

2023, the Court ordered Plaintiff to amend his complaint for various pleading deficiencies

including the unrelatedness of his claims and named defendants, previous piecemeal

amendments, and the need to put all his claims on the standard form.  (Doc. no. 17, pp. 1-5.)

This Order was mailed to Plaintiff at Augusta State Medical Prison in Grovetown, Georgia.

(Id.)   However, Plaintiff did not timely file an amended complaint.   In a Report and

Recommendation ("R&R") issued on June 7, 2023, the Court recommended Plaintiff's case

be dismissed for failure to comply with the Court's May 9th Order.  (Doc. no. 18.)

On June 12, 2023, the Court received Plaintiff's motion for leave to file an amended

complaint, dated May 20, 2023, and labeled with a return address for Baldwin State Prison in

Hardwick, Georgia.  (Doc. no. 20, pp. 22, 26.)  Plaintiff also attached a twenty-four page

handwritten amended complaint to his motion that did not comply with the requirements laid

out in the Court's May 9th Order.  (Id. at 2-24.)  On June 30, 2023, the Court vacated the June

7, 2023 Report and Recommendation and granted in part Plaintiff's motion for leave to file an

amended complaint, as it was unclear if Plaintiff ever received the Court's May 9th Order

directing him to amend.  (Doc. no. 21.)  The Court again ordered Plaintiff to amend his

complaint to fix pleading deficiencies with the same instructions provided in the May 9th

Order.  (Doc. no. 21.)  The Court received Plaintiff's amended complaint on July 14, 2023. (Doc. no. 24.)

      **B.**    **FACTUAL BACKGROUND**

The original complaint names as Defendants:  (1) Caldwell, (2) Villegas, (3) Dr. Sommerhauser, (3) Gibbons, (4) Corporal Watson, (5) Sgt. Stephan Gibbs, and (6) Chambers. (Doc. nos. 1, 11.)  The amended complaint names:  (1) Warden Caldwell, (2) Special Agent Villegas, (3) Dr. Sommerhauser, (4) Warden Chambers, (5) Nurse Oliver, (6) Nurse Wray, (7) Officer Brown, (8) Officer Kelmens, (9) Officer Jones, (10) Officer Rodgers, (11) CERT Officer Scott, (12) Nurse Shirley, (13) Nurse Overstreet, (14) Officer Witherspoon, (15) Officer Jane Doe #1, (16) Sgt. Officer Knight, (17) Counselor Watts, (18) Mental Health Director West, (19) Nurse Darcy, (20) CERT Greene (African American), (21) CERT Greene (Caucasian), (22) CERT Officer John Doe #1, (23) CERT Officer John Doe #2, (24) Warden Messer, (25) Warden Franklin, (26) Officer Rowland, (27) Sgt. Officer Franklin, (28) Officer Rhodes, (29) Officer Linda, (30) Gibbons, and (31) Watson.  (Doc. no. 24, pp. 1-2, 12-13, 15.)  Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

While housed at JSP during unspecified times in 2020 and 2021, Defendants Wray and Oliver discussed Plaintiff's HIV status and psychiatric history in front of other inmates and staff.  (Id. at 14.)  Defendants Watts, Sommerhauser, West, Greene (Caucasian), and Franklin discussed Plaintiff's mental health issues in front of other inmates.  (Id.)  Defendant Sommerhauser also discussed Plaintiff's psychiatric needs in front of an inmate and staff.  (Id.)

At an unidentified time, Defendant Rodgers slammed Plaintiff on the ground and put him in a chokehold when Plaintiff received a psychotropic injection.  (Id.)  Defendant Brown slammed a heavy piece of metal on Plaintiff's hand when Plaintiff tried to get help for "being tortured."  (Id. at 14-15.)  Defendant Kelmens slammed Plaintiff on the ground after he

attempted to obtain materials for decontamination during shower time after being sprayed with chemical agents.  (Id. at 15.)

At some point during 2020, Defendant Greene (African American) tased Plaintiff when Plaintiff was trying to get help for "abuse and torture in the J1 building."  (Id.)  Another night, Defendant Scott dragged Plaintiff across the concrete outside the medical department, causing scrapes on his wrists, bleeding, and nerve damage.  (Id.)  On another unknown day, Defendant Knight tased Plaintiff on his back.  (Id.)

At several unidentified times in 2020, Defendants Caldwell, Gibbons, Watson, Sommerhauser, Brown, and Witherspoon used chemical agents on Plaintiff.  (Id.)  In 2020 and 2021, Plaintiff was denied medical care for unspecified and allegedly serious medical needs by Defendants Oliver, Wray, Jones, Watson, Gibbons, Caldwell, Darcy, Overstreet, Shirley, West, Jane Doe #1, Sommerhauser, Watts, Messer, Sgt. Franklin, Warden Franklin, Villegas, Rowland, Greene (Caucasian), John Doe #1, Rhodes, Linda, and Witherspoon.  (Id. at 15-16.) In July 2020, Plaintiff submitted grievances about unknown issues and Defendant Chambers retaliated against him by transferring him to another prison two weeks later.  (Id. at 16.)

At other unidentified points in 2020 and 2021, Defendants Sommerhauser, West, Watts, Gibbons, Watson, Caldwell, Warden Franklin, and Messer kept Plaintiff in inhumane conditions for a significant amount of time and denied him basic "things needed to survive." (Id.)  Defendants Sommerhauser, Watson, Caldwell, and Gibbons also kept Plaintiff in isolation without justification.  (Id.)

Plaintiff requests compensatory and punitive damages.  (Id. at 5.)

## C.    DISCUSSION

### 1.    Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous,

malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (per curiam) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a pro se litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).  However,

this liberal construction does not mean that the Court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

**2.      Plaintiff's Amended Complaint Should Be Dismissed for Failure to Follow a Court Order and as an Impermissible Shotgun Pleading**

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Alabama Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008).  Moreover, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned."  Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court").

"[T]he ability to dismiss a complaint on shotgun pleading grounds" is included within the district court's inherent authority to control its docket.  Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018).  "Complaints that violate either Rule 8(a) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings'"  Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015).  Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . .  If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count. . . ."

The dim view taken of shotgun pleadings has been described as follows:

The Eleventh Circuit is particularly opprobrious of what are known as "shotgun pleadings," or pleadings that violate Rules 8(a)(2) or 10(b).  See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1320-21 (11th Cir. 2015) (recognizing the Eleventh Circuit's "thirty-year salvo of criticism aimed at shotgun pleadings"); Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) ("Courts in the Eleventh Circuit have little tolerance for shotgun pleadings.").  There are four types of shotgun pleadings:  first, those "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before. . . ." Weiland, 792 F.3d at 1321.  The second type is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322.  Third are those that do not separate each claim into a separate count. See id. at 1322-23.  Fourth is the "relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts . . . or which of the defendants the claim is brought against." Id. at 1323.

. . . .

The purpose of Rules 8(a)(2) and 10(b) is to allow the defendant to discern what the plaintiff is claiming and frame a responsive pleading and to allow the court to determine whether the plaintiff has stated a claim for which relief can be granted. See Weiland, 792 F.3d at 1320.  Courts are not required to "sift through the facts presented and decide for [itself] which [are] material." Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 372 (11th Cir. 2005) (quotation omitted).

Cummings v. Mitchell, No. CV 118-161, 2020 WL 1491751, at *2 (S.D. Ga. Mar. 17, 2020) (Hall, C.J.).  The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland 792 F.3d at 1323 (footnote omitted).

Here, the Court warned Plaintiff multiple times about the deficiencies in his complaint, provided detailed instructions concerning how to correct these deficiencies, and warned failure to correct them would result in the Court recommending dismissal.  (See doc. no. 17; doc. no. 21.)  In response, Plaintiff failed to correct the pleading deficiencies and did not follow the Court's Orders.  Instead, Plaintiff filed a quintessential shotgun pleading that includes a litany

of undetailed, conclusory allegations; at points fails to specify which defendant did what; and includes a combination of wholly unrelated claims that occurred over a span of two years while Plaintiff was housed at JSP, all in violation of Federal Rule of Civil Procedure 20.  (See generally doc. no. 24.)

The Eleventh Circuit has affirmed the dismissal of a *pro se* complaint where a plaintiff fails to heed the pleading instructions from the court regarding re-drafting the complaint.  Taylor v. Spaziano, 251 F. App'x 616, 620-21 (11th Cir. 2007) (*per curiam*); Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (*per curiam*).  Plaintiff's disregard of the Court's instructions has resulted in the submission of a shotgun amended complaint which amounts to little more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.  Such conclusory allegations will not suffice.  See Hesed-El v. Aldridge Pite, LLP, CV 119-162, 2020 WL 3163645, at *5 (S.D. Ga. June 12, 2020) (Hall, C.J.).

Because Plaintiff is proceeding IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction for disobeying the Court's instructions about amending. Further, the Court has already given Plaintiff multiple opportunities to remedy his pleading deficiencies, to no avail.  See Hudson v. Morris, CV 420-120, 2022 WL 344556, at *5 (S.D. Ga. Feb. 4, 2022) (Baker, J.) (dismissing claims after concluding court need not provide limitless attempts to correct repeatedly noted pleading deficiencies); see also Ramos v. Katzman Chandler PA, No. 20-13485, 2021 WL 3140303, at *3, 5 (11th Cir. 2021) (*per curiam*) (dismissing amended complaint nearly identical to original complaint as an impermissible shotgun pleading when plaintiffs failed to address pleading deficiencies identified by court, including inclusion of "immaterial facts not obviously connected to a particular cause of action and . . . citations to laws and statutes whose application were unclear").  Thus, Plaintiff's case should be dismissed without prejudice for failing to follow

the Court's instructions regarding amending his complaint and for submission of a clearly defective amended complaint that fails to state a claim upon which relief can be granted against any defendant.

## II.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's amended complaint be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 19th day of July, 2023, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA